```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Mark A. Applegarth,                  :

          Plaintiff,        :    Civil Action 2:06-cv-1006

   v.                                :    JUDGE SMITH

Attorney Steven R. Hughes,           :    MAGISTRATE JUDGE KEMP

          Defendant.        :

                    REPORT AND RECOMMENDATION

    This prisoner civil rights case is before the Court for an initial screening pursuant to 28 U.S.C. §1915. For the following reasons, the Court recommends that the complaint be dismissed for failing to state a claim upon which relief can be granted.

I.

    28 U.S.C. §1915(e)(2) provides that in proceedings <u>in forma pauperis</u>, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. <u>See</u>, <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. <u>See</u> <u>id</u>. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, <u>see</u> <u>id</u>. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." <u>Id</u>. at 328; <u>see</u> <u>also</u> <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 4l, 45-46 (l957). Pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

## II.

In the instant case, plaintiff Mark A. Applegarth seeks to recover damages for an alleged constitutional violation under 42 U.S.C. §1983 from his attorney Steven R. Hughes. Mr. Applegarth claims that Mr. Hughes, an attorney Mr. Applegarth hired to defend him in a state criminal trial, was ineffective.

42 U.S.C. §1983 states, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

In order to bring a successful action under §1983 for an alleged constitutional violation, the defendant must be acting "under the color of law." In other words, "[l]ike the state action requirement of the Fourteenth Amendment, the under-color-of-state-law element of §1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citing Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)); see also Polk County v. Dodson, 454 U.S. 312 (1981)(§1983 cannot be brought against state appointed criminal defense attorney because attorney was not acting under-color-of-law).

The case before the Court is a step removed from Dodson. In

this case, Mr. Hughes is a privately retained attorney. There is no government involvement or action. Thus, because Mr. Applegarth cannot prove the "under-color-of-law" requirement necessary for a §1983 action, it appears beyond a doubt that Mr. Applegarth can prove no set of facts in support of his claim which would entitle him to relief.

### III.

Based on the foregoing, the Court RECOMMENDS that the complaint be DISMISSED for failing to state a claim upon which relief can be granted.

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See, _Thomas v. Arn_, 474 U.S. 140 (1985); _United States v. Walters_, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge

3